**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DENISE MURRAY, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT MURRAY, SR. DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., THOMAS JEFFERSON UNIVERSITY, KIMMEL CANCER CENTER, AND EDITH MITCHELL, M.D., FACP, | |
| Appellees | |
| APPEAL OF:  DENISE MURRAY | No. 2617 EDA 2016 |

Appeal from the Order July 5, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2014 No. 140600327

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 04, 2017**

Appellant, Denise Murray, appeals from the order entered on July 5, 2016, which granted the motion for summary judgment filed by Thomas Jefferson University Hospitals, Inc., Thomas Jefferson University, Kimmel Cancer Center, and Edith Mitchell, M.D., FACP (hereinafter "the Defendants").  We affirm.

The trial court ably explained the underlying facts of this case:

> Appellant [] brought a medical negligence case individually and on behalf of her husband's estate after his prostate cancer, thought to be in remission, came back and he

passed away. [Appellant] sued the hospital and cancer center where her husband, Robert Murray, received treatment, and his primary doctor, alleging that he was not properly treated because no one discovered or informed them that his cancer had returned. . . .

[According to Appellant's complaint,] Mr. Murray had prostate cancer and Edith Mitchell, M.D. was his treating physician and oncologist. Mr. Murray's cancer went into remission. Sometime later, Mr. Murray's cancer returned and metastasized, unbeknownst to the Murrays. Mr. Murray passed away on April 1, 2012. [Appellant] sued the [Defendants] and alleged that [they] failed to properly care for her husband[; specifically, Appellant claimed that the Defendants] should have realized that the cancer had returned and notified Mr. Murray. [Appellant] also alleged that Dr. Mitchell was away from her medical practice due to personal reasons and unavailable to treat Mr. Murray during that time. [Appellant's] complaint did not provide dates to establish a time frame for when Mr. Murray was first diagnosed, when Dr. Mitchell began treating him, how long Dr. Mitchell was absent from her practice, or how long Mr. Murray's cancer was in remission.

The Defendants filed a motion for summary judgment on May 25, 2016, arguing that due to [Appellant's] counsel's failure to furnish expert reports, [Appellant] could not prove her case. Pennsylvania law requires expert reports in medical professional negligence cases. [Appellant's] counsel never filed a response to the motion for summary judgment, nor did he file a motion to extend his time to answer the motion for summary judgment. [The trial] court granted the motion for summary judgment on July [5], 2016 as unopposed.

Trial Court Opinion, 9/28/16, at 1-3 (some internal citations and capitalization omitted).

On August 4, 2016 – two days before the trial court lost jurisdiction to reconsider its final order under Pa.C.S.A. § 5505 (allowing 30 days for the trial court to reconsider an order) – Appellant filed a motion for

- 2 -

reconsideration with the trial court. Within the reconsideration motion, Appellant's counsel claimed that, on June 26, 2016, he had sent an e-mail to the trial judge's law clerk, which explained that he was unable to produce an expert report in the case because the Defendants were "stone walling" him. Motion for Reconsideration, 8/4/16, at Exhibit "O." Further, attached to the August 4, 2016 motion for reconsideration was, finally, an expert report in the case. *Id.* at Exhibit "C."

The trial court did not expressly grant reconsideration of its July 5, 2016 order and, thus, the July 5, 2016 order granting summary judgment in favor of the Defendants became final and the current appeal is now before this Court. *See* Pa.R.A.P. 1701(b)(3). Appellant numbers two claims on appeal:

> 1. When it granted summary judgment, did the [trial] court erroneously fail to consider arguments made in a letter brief e-mailed to it and a discovery motion immediately filed thereafter?
>
> 2. Even if [Appellant's] counsel did not "respond" to the [D]efendants' motion, did the [trial] court abuse its discretion by granting summary judgment?

Appellant's Brief at 6.

This Court has held:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the

summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Thompson v. Ginkel*, 95 A.3d 900, 904 (Pa. Super. 2014) (some internal citations omitted), *quoting*, **Murphy v. Duquesne Univ. of the Holy Ghost**, 777 A.2d 418, 429 (Pa. 2001).

In relevant part, Pennsylvania Rule of Civil Procedure 1035.3 states:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

. . .

**(d) Summary judgment may be entered against a party who does not respond.**

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.

Pa.R.C.P. 1035.3 (emphasis added).

First, Appellant claims that the trial court erred when it concluded that she did not respond to the Defendants' motion for summary judgment. According to Appellant, she responded to the Defendants' summary judgment motion when her counsel e-mailed the trial judge's law clerk "a letter setting forth the reasons why [counsel] could not present evidence essential to justify opposition to the motion." Appellant's Brief at 19 (internal quotations omitted). Appellant claims this e-mail constitutes a proper "response" under Rule 1035.3 or, in the alternative, the trial court should have forgiven the procedural error, in accordance with Pennsylvania Rule of Civil Procedure 126. *Id.*

Initially, Appellant's claim that her counsel's e-mail constitutes a proper response under Rule 1035.3 immediately fails, as Rule 1035.3 plainly requires that a response to a summary judgment motion be "filed." Pa.R.C.P. 1035.3(a) ("the adverse party may not rest upon the mere allegations or denials of the pleadings **but must file a response within**

**thirty days after service of the motion**") (emphasis added). Appellant's *ex parte* e-mail to an individual who Appellant claims to be the trial judge's law clerk does not constitute a "filing." **See** Pa.R.C.P. 205.1 – 205.5 (concerning "filing" of legal papers and noting that "filing" contemplates delivery to the prothonotary).

Further, Appellant's claim that the trial court should have relied upon Pennsylvania Rule of Civil Procedure 126 and "disregarded" her "procedural" error of failing to "file" the response is meritless. **See** Pa.R.C.P. 126 ("[t]he rules [of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties"). At the outset, the trial judge never acknowledged that either she or her law clerk received Appellant's *ex parte* e-mail. **See** Trial Court Opinion, 9/28/16, at 1-7. Indeed, the trial court never acknowledged that the e-mail attached to Appellant's motion for reconsideration was even addressed to the judge's law clerk. **See id.** Thus, Appellant's claim that the *ex parte* e-mail should suffice as a "response" under Rules 1035.3 and 126 simply fails, as the trial court apparently did not receive Appellant's e-mail and there is no way for this Court to confirm that Appellant even e-mailed the trial judge's law clerk.

Appellant also claims that the trial court should have concluded that a "motion for sanctions," that she filed on June 30, 2016, constitutes a proper

"response" to the summary judgment motion. Appellant's Brief at 26-27. This claim, too, is meritless.

Within Appellant's completely separate "motion for sanctions," Appellant requested that the trial court sanction the Defendants for "failure to comply with the [trial court's discovery] orders of December[] 30, 2015 and March 22, 2016." Appellant's Motion for Sanctions, 6/30/16, at Proposed Order (some internal capitalization omitted). Specifically, Appellant requested that the trial court enter an order:

> preclud[ing the Defendants] from offering any evidence at the time of trial against [Appellant] for failure to comply with [the trial] court's previous orders of December [30], 2015 and March 22, 2016 providing [Appellant] with any/all materials stated in her Request for Production of Documents and Supplemental Request for Production of Documents in a timely manner so as to prejudice [Appellant] in taking the deposition of Defendant, Dr. Edith Mitchell and for withholding evidence and/or destroying evidence that is essential to the claims alleged in [Appellant's] complaint.

*Id.* (some internal capitalization omitted).

Appellant now claims that the trial court should have considered her motion for sanctions to be a proper response to the Defendants' motion for summary judgment. This claim fails because: 1) Appellant's separate motion did not respond to the Defendants' summary judgment motion, and 2) Appellant's "motion for sanctions" constituted an entirely separate motion that required its own procedure for disposition.

Finally, Appellant claims that the trial court erred in granting the Defendants' summary judgment motion because the relevant pleadings had

not closed and because discovery relevant to the motion had not completed. Appellant's Brief at 28-30. As the trial court explained, Appellant's arguments are meritless:

> Contrary to [Appellant's] arguments . . . , the relevant pleadings were closed prior to the Defendants [submission of] their motion for summary judgment. [Appellant] filed a third amended complaint on July 6, 2015 and the Defendants answered the third amended complaint on August 23, 2015. Counsel for [Appellant] then filed a fourth amended complaint without leave of court and without consent of the adverse parties, in violation of Pennsylvania Rule of Civil Procedure 1033. [The trial] court struck the fourth amended complaint on November 9, 2015 and stated that the third amended complaint would remain in effect. The [trial] court also stated that "[Appellant] is hereby precluded from filing any further amended complaints absent leave of court or filed consent of the adverse party."
>
> [Appellant's] counsel then filed a miscellaneous motion seeking [trial] court approval to file a fourth amended complaint, but the motion was cancelled out without being decided due to a court administrative error. Thus, [Appellant] was never granted leave of court to file another complaint and the third amended complaint was answered, closing the pleadings. Significantly, [Appellant's] proposed amendment simply attempted to add counts back into the complaint that [the trial] court had stricken earlier in response to unopposed preliminary objections. . . .
>
> [Further, when the Defendants filed their summary judgment motion, discovery relevant to the motion had completed. The trial] court gave [Appellant's] counsel repeated extensions to provide the necessary expert reports but they were not provided. [Appellant] was originally given an expert report deadline of February 1, 2016. On December 29, 2015, [the trial] court granted a 60-day extension of [Appellant's] expert report deadline. On March 22, 2016, [the trial] court extended [Appellant's] expert report deadline an additional 30 days, giving a final deadline of May 2, 2016. [Appellant's] counsel failed to submit

expert reports by the final extended deadline or by the time [the trial] court granted summary judgment. [Appellant's] counsel also did not ask the [trial] court for an additional extension to submit an expert report after the Defendants filed their motion for summary judgment.

Despite [Appellant's] counsel's repeated failures to comply with discovery, which resulted in four orders to comply, he alleged he could not produce a timely doctor's report because the Defendants "willfully withheld evidence." This argument is unpersuasive. [Appellant's] counsel had already failed to submit an expert report 60 days after his twice-extended deadline had passed. [Appellant's] counsel also failed to follow the proper procedures for petitioning [the trial] court to compel the allegedly missing discovery in a timely fashion. Finally, [Appellant's] counsel failed to respond to the motion for summary judgment as the law requires.

Trial Court Opinion, 9/28/16, at 3-4 and 5-6 (internal citations and some internal capitalization omitted).

We agree with the above analysis and conclude that the relevant pleadings and discovery in this matter were closed prior to the filing of the Defendants' summary judgment motion and that the trial court did not err when it granted the Defendants' motion for summary judgment.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017

- 9 -